IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
STATE OF MISSOURI

| | |
|---|---|
| LOHR DISTRIBUTING CO., INC., | ) |
| Plaintiff, | ) |
| v. | ) Case No. 1922-CC11529 |
| CONSTELLATION BRANDS, INC. | ) Div. No. 20 |
| Defendant. | ) |

**PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER**

Plaintiff Lohr Distributing Co., Inc. ("Lohr"), pursuant to Rule 92.02, states the foregoing facts from its Verified Petition in support of this motion for temporary restraining order:

1.  Lohr is a Missouri corporation in good standing with its headquarters in St. Louis, Missouri.

2.  Lohr is a liquor "wholesaler" as that term is used in § 407.413, *RSMo.* Lohr purchases products from liquor suppliers and sells those products to Missouri retailers, *e.g.* stores, restaurants, and bars.

3.  Defendant Constellation Brands, Inc. ("CBI") is a Delaware corporation.

4.  CBI is a liquor "supplier" as that term is used in § 407.413, *RSMo.* CBI sells its products to liquor wholesalers, including to Lohr in Missouri.

5.  Since 2010, Lohr has been the Missouri wholesaler of "High West" branded whiskey products. The High West products were initially supplied to Lohr by a Utah distiller named High West Distillery, LLC. In 2016, CBI acquired High West Distillery, LLC, and has since supplied High West products to Lohr in Missouri.

6. Since 2016, Lohr has been the Missouri wholesaler of "Bell Meade" branded whiskey products. The Bell Meade products were initially supplied to Lohr by a Tennessee distiller named Nelson's Green Brier, LLC. In 2019, CBI acquired the majority ownership interest in Nelson's Green Brier, LLC, and has since supplied Bell Meade products to Lohr in Missouri.

7. CBI, and its predecessor High West Distillery, LLC, granted Lohr a license to use the High West trade name and trademarks. CBI, and its predecessor Nelson's Green Brier, LLC, granted Lohr a license to use the Bell Meade trade name and trademarks.

8. Lohr and CBI have a "community of interest" in marketing High West and Bell Meade products for purposes of § 407.413, *RSMo* in that, among other things:

    A. a large portion of Lohr's whiskey sales are derived from High West and Bell Meade products;

    B. Lohr uses the High West and Bell Meade trade names and trademarks extensively in its marketing of those products; and

    C. Lohr made substantial investments specific to growing the High West and Bell Meade brands, including, among other things:

        (1) making incentive payments to its sales personnel, which payments were matched by CBI and its predecessors High West Distillery, LLC and Nelson's Green Brier, LLC; and

        (2) arranging and attending numerous promotional and sales events with customers which featured High West and Bell Meade products specifically, many of which were attended by

2

representatives of CBI and its predecessors High West Distillery, LLC and Nelson's Green Brier, LLC.

9. Because Lohr was granted a license to use the High West and Bell Meade trade names and marks, and has a community of interest with CBI in selling those products, Lohr has a "franchise" for those brands as that term is used in § 407.413, *RSMo.*

10. On August 23, 2019, CBI delivered a letter to Lohr which states that it has "elected to terminate its distribution arrangement with Lohr" as to the High West and Bell Meade brands effective September 23, 2019.

11. Section 407.413.2, *RSMo* provides that "no supplier shall unilaterally terminate … any franchise with the wholesaler unless that supplier has first established good cause for such termination …." CBI, in violation of § 407.413.2, *RSMo,* has not "established good cause" for the termination of Lohr's High West and Bell Meade franchises. This is because there is no good cause for termination, in that Lohr has effectively marketed and substantially grown the High West and Bell Meade brands in Missouri.

12. Section 407.413.3, *RSMo* provides that "Any wholesaler may bring an action in a court of competent jurisdiction against a supplier for violation of any provisions [sic] of this section and may recover damages sustained by such wholesaler together with the costs of the action and reasonable attorney's fees."

13. Unless enjoined, CBI's threatened termination of Lohr's High West and Bell Meade franchises will cause Lohr to suffer substantial losses, in that Lohr will have no right to purchase and sell the High West and Bell Meade brands. Damages are not an adequate remedy,

however, because the loss of Lohr's High West and Bell Meade franchises would irreparably harm Lohr's goodwill and reputation in the liquor industry.

Wherefore, Lohr requests the Court enter a temporary restraining order barring CBI from terminating Lohr's High West and Bell Meade franchises, and for such other relief as the Court deems proper.

JACOBSON PRESS P.C.

/s/ Allen P. Press
Allen P. Press #39293
168 N. Meramec Ave., Suite 150
Clayton, MO 63105
Phone: (314) 899-9789
E-mail: press@ArchCityLawyers.com

Attorney for Plaintiff